## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROCHELLE CRAMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WITHUMSMITH+BROWN, PC, et al.,<br><br>Defendants. | Civ. Action No. 25-17032 (RK) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Plaintiff Rochelle Cramer, individually and on behalf of all others similarly situated, for leave to serve Defendants Daniel Wildermuth and Carol Wildermuth (collectively, the "Wildermuths") by alternative means and for an extension of time to serve the Wildermuths (the "Motion"). (Doc. No. 32). No party has filed a timely opposition to the Motion. The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, the Court **GRANTS** the Motion.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On October 29, 2025, Plaintiff initiated this putative securities class action against Defendants Wildermuth Fund (the "Fund"), Wildermuth Advisory, LLC, Daniel Wildermuth, Gerard Scarpati, Carol Wildermuth, Anthony Lewis, R. Martel Dey, Randall Fretz, Donald R. Henry, and WithumSmith+Brown, PC (collectively, "Defendants").[1]  (*See* Doc. No. 1).  The Fund "is a closed-end fund that reportedly provided long-term capital appreciation to investors by investing in a diversified portfolio of early-stage private equity positions[.]" (Doc. No. 1 at ¶ 2).  Plaintiff claims that Defendants mislead investors by purchasing interests in portfolio companies to their own benefit and overstating the value of the Fund's Net Asset Value ("NAV").  According to Plaintiff, the Fund had information regarding the portfolio companies' values but continued to materially misstate the Fund's NAV.

The Fund announced on June 29, 2023 that it would be liquidated but disclaimed any issues with its investments.  However, subsequently, the Wildermuths resigned from the Board of the Fund, and BW Asset Management Ltd. ("BWAM") replaced Wildermuth Advisory.  BWAM then reported that the Fund's portfolio companies underperformed from November 1, 2020 through June 29, 2023.  More specifically, BWAM reported that "between December 31, 2023 and October 31, 2024, the value

---

[1]  The Court sets forth the background of this matter based upon the allegations set forth in the Complaint.  However, the Court recognizes that Plaintiffs will file a Consolidated Amended Complaint by May 11, 2026. (*See* Doc. No. 47).

of the Fund's investments in private equity plummeted by nearly $26 million." (Doc. No. 1 at ¶ 115). Ultimately, as a result, Plaintiff asserts that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5, and Sections 36(b) and 47(b) of the 1940 Act, 15 U.S.C. §§ 80a-35(b) and -47(b). (*See generally* Doc. No. 1).

## A.    ATTEMPTS TO SERVE THE WILDERMUTHS

Shortly after filing the Complaint, Plaintiff began to serve Defendants. Relevant to the Wildermuths, Plaintiff's counsel learned of two potential residences: 97 Silver Reef Lane, St. Augustine, Florida (the "St. Augustine Address"); and 1045 Leadenhall Street, Alpharetta, Georgia (the "Alpharetta Address"). (Affidavit of Susan S. Hu ("Hu Aff."), Doc. No. 32-2, ¶ 5). Plaintiff's process server attempted to serve the Wildermuths at the Alpharetta and St. Augustine Addresses on November 6 and 11, 2025, respectively, without success. (Hu Aff. ¶¶ 6-7, Ex. A-B). The process server reported that the Wildermuths did not reside at either address. (Hu Aff., Ex. A-B).

On November 12, 2025, the process server attempted, without success, service at an address in Sarasota, Florda, which turned out to be a post box service store. (Hu Aff. ¶ 8, Ex. C). Also on that date, the process server attempted to serve the Wildermuths at a former address of Wildermuth Advisory, LLC: 818 A1A Highway, Suite 301, Ponte Vedra Beach, Florida. (Hu Aff. ¶ 9, Ex. D). However, another

3

company was located at that address and an individual there reported being unfamiliar with Mr. Wildermuth and Wildermuth Advisory. (Hu Aff. ¶ 9, Ex. D).

Following an internet search, Plaintiff's counsel found a website identifying the Wildermuths as being associated with Quartz Partners Investment Management ("Quartz"), located in Saratoga Springs, New York. (Hu Aff. ¶ 11). The process server attempted service at Quartz on November 19, 2025. (Hu Aff. ¶ 11, Ex. F). An individual at Quartz reported having no knowledge of the Wildermuths. (Hu Aff., Ex. F). On December 2, 2025, Mr. Wildermuth published a post on the Quartz website. (Hu Aff. ¶ 19). On December 9, 2025 and January 27, 2026, Plaintiff's investigators called Quartz and the woman who answered the phone reported "that the company had a vendor-client relationship" with the Wildermuths but did not provide any contact information. (Hu Aff. ¶ 12). Nevertheless, the Quartz website identifies email addresses for the Wildermuths: dwildermuth@quartzpartners.com and cwildermuth@quartzpartners.com. (Hu Aff. ¶¶ 20-21).

Plaintiff's counsel also located through an internet search a civil action pending against Mr. Wildermuth in the Middle District of Florida, *Brown v. Wildermuth*, No. 22-cv-1301 (M.D. Fl.) (the "*Brown* Litigation"). (Hu Aff. ¶ 13). On November 20, 2025, Plaintiff's counsel spoke with Mr. Wildermuth's counsel in that action, Alan Wolper. (Hu Aff. ¶ 14). Mr. Wolper declined to accept service on behalf of Mr. Wildermuth,

4

reach out to Mr. Wildermuth regarding this matter, or provide any contact information. (Hu Aff. ¶ 14).

On that same date, Plaintiff's investigator attempted to locate other addresses for the Wildermuths based on a public records search. (Hu Aff. ¶ 15). The investigator located an apartment in Washington, D.C. associated with Mr. Wildermuth. (Hu Aff. ¶ 16). Plaintiff's process server attempted service at that address on November 21 and 23, 2025. (Hu Aff. ¶ 16, Ex. G). The concierge and security guard at the Washington, D.C. apartment building reported that the apartment was used as an office; no one answered when the security guard called the apartment. (Hu Aff. ¶ 16, Ex. G).

Plaintiff uncovered another potential address for the Wildermuths at 1262 Ponte Vedra Boulevard, Ponte Vedra Beach, Florida and attempted service there on January 17, 2026. (Hu Aff. ¶ 10, Ex. E). That attempt was also futile; the current residents reported having purchased the home from the Wildermuths two years prior. (Hu Aff. ¶ 10, Ex. E).

In addition to these efforts, Plaintiff's counsel reached out to an attorney who might have had information relating the Wildermuths and obtained what is believed to be current cell phone numbers for both Wildermuths. (Hu Aff. ¶¶ 17-18). Plaintiff's

5

counsel also received another email address for Mrs. Wildermuth: cwildermuth@kalosfinancial.com. (Hu Aff. ¶ 23).

## B.    THE MOTION

Plaintiff has thus been unsuccessful in serving the Wildermuths. As such, she moves for leave to extend the time to serve them and to effectuate substituted service. More specifically, Plaintiff seeks to serve Mr. Wildermuth through the Quartz address in Saratoga Springs, his Quartz email address, and his attorney in the *Brown* Litigation and to serve Mrs. Wildermuth through the Quartz address, as well as her Quartz and Kalos email addresses. Plaintiff argues that she has been diligent in attempting to exhaust all efforts to serve the Wildermuths through the means set forth in New Jersey Court Rule 4:4-4(a). (*See generally* Doc. No. 32-1). She contends that the proposed substituted forms of service are consistent with due process and good cause exists to extend the time to serve the Wildermuths by 90 days.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4 sets forth the mechanism for effectuating service. Fed. R. Civ. P. 4. Subsection (e) provides that a party may effectuate service on an individual within the United States pursuant to applicable state law—which is New Jersey here—or through a method specifically authorized by Rule 4(e)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e). Rule 4(e)(2) permits service on an individual by:

6

> (A) delivering a copy of the summons and of the complaint
> to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or
> usual place of abode with someone of suitable age and
> discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by
> appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

New Jersey Court Rules provide that personal service is the "primary method of obtaining in personam jurisdiction over a defendant in [the] State[.]" N.J. Ct. R. 4:4-4(a). If personal service cannot be made after "diligent effort and inquiry[,]" the New Jersey Court Rule 4:4-4 permits substituted or constructive service through certain methods. N.J. Ct. R. 4:4-4(b). However, if a plaintiff cannot effectuate service through any of the modes provided for under the New Jersey Court Rule, "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). "Substituted service by email in New Jersey is generally permitted where the movant has supplied the court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Mizrahi v. Anna*, No. 23-2462, 2023 WL 7273725, at *8 (D.N.J. Nov. 3, 2023) (internal quotation marks and citation omitted).

In order to proceed with substituted service, however, a plaintiff must demonstrate due diligence consistent with New Jersey Court Rule 4:4-5(b). *See id.* at 9; N.J. Ct. R. 4:4-5(b). Diligence is a fact-sensitive inquiry "'measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.'" *H.D.*

7

*Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at \*1 (D.N.J. July 5, 2016) (quoting *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). To satisfy the diligent inquiry requirement, courts generally require the plaintiff to follow up on information it possesses or can reasonably obtain, pursue reasonable leads, and utilize reasonably available methods to locate the defendant. *See, e.g., Mizrahi*, 2023 WL 7273725, at \*9-10 (denying the motion for service by email, where the plaintiff failed to follow up on leads from their initial investigation and was permitted to serve third-party subpoenas on relevant entities to identify a valid address for the defendant). However, diligence "does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith*, 2016 WL 3606785, at \*2.

In any event, the proposed alternate method of service must comport with due process. *See* N.J. Ct. R. 4:4-4(b)(3); *H.D. Smith*, 2016 WL 3606785, at \*2. Due process requires that there be "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *O'Connor v. Altus*, 67 N.J. 106, 126 (N.J. 1975) (internal citation and quotation marks omitted). "[I]n the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (citations omitted).

8

Further, Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must effectuate service within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). However, upon a showing of good cause for the failure to timely serve, "the court must extend the time for service for an appropriate period." *Id.*

## III.   DISCUSSION

Here, Plaintiff has demonstrated due diligence in attempting to serve the Wildermuths. As detailed in the Affidavit of Susan S. Hu, Esq., Plaintiff exercised significant efforts to locate and personally serve them. She sought the assistance of a process server and investigators, performed skip traces for all potential addresses from the Wildermuths, conducted searches of public records and the internet, and attempted service at all potential addresses associated with the Wildermuths. In addition, Plaintiff sought out the assistance of an attorney representing Mr. Wildermuth and another attorney who may have had information relating to Mrs. Wildermuth. She also contacted Quartz to ascertain the nature of its affiliation with the Wildermuths. All of these efforts, unfortunately, were to no avail.

Next, the Court must evaluate whether Plaintiff's proposed substitute service through the Quartz location, email addresses and, in the case of Mr. Wildermuth, service on his attorney representing him in the *Brown* Litigation. This Court has permitted service through email if there are "some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Menon v. Corbett*, No. 21-8384, 2022 WL 3998393, at *3 (D.N.J. Sept. 1, 2022)

9

(quoting *U.S. Sec. and Exch. Comm'n v. Vuuzle Media Corp.*, No. 21-1226, 2021 WL 1731947, at *3 (D.N.J. May 3, 2021)) (internal quotation marks omitted).

Here, Plaintiff's counsel avers that the Wildermuths remain associated with Quartz and, according to Plaintiff's partner, Mr. Wildermuth had used the Quartz email as recently as February 2025 and Ms. Wildermuth had used the Kalos email as recently as June 2025. Indeed, Plaintiff also points out that the Quartz website currently identifies Mr. Wildermuth as being its Vice President, Portfolio Manager and Mrs. Wildermuth as being a member of its Advisory Council. Plaintiff therefore has sufficiently shown that the Wildermuths would likely receive the Summons and Complaint at the email addresses provided. In addition, service of the Summons and Complaint to the Wildermuths at the Quartz address is likely to provide adequate due process and notice in light of their activity and open affiliation with Quartz.

Further, service of the Summons and Complaint on Mr. Wolper, Mr. Wildermuth's attorney in the *Brown* Litigation, is reasonably calculated to provide adequate notice to Mr. Wildermuth of this action and to permit him an opportunity to present his position. Mr. Wolper has confirmed that he does represent Mr. Wildermuth in connection with other litigation and, as such, should have contact with him. Accordingly, the Court is satisfied that the proposed methods of substitute service here will comport with due process.

Plaintiff also seeks to extend the time to effectuate service on the Wildermuths. A court will extend that time upon a showing of good cause. Fed. R. Civ. P. 4(m). To

10

determine if good cause exists: "The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). The Court assesses good cause based on the plaintiff's reasons for failing to comply with the time limit. *Id.*

Good cause exists here to extend Plaintiff's deadline to serve the Wildermuths. As discussed above, Plaintiff has demonstrated due diligence in attempting to serve them. The failure to serve the Wildermuths has been through no fault of or lack of effort by Plaintiff. Therefore, the Court grants Plaintiff's request to extend the time to serve the Wildermuths by 90 days from the date of this Memorandum Opinion and Order.

## IV.   CONCLUSION

Therefore, having fully considered Plaintiff's unopposed Motion, and for the reasons set forth herein and for other good cause shown,

**IT IS** on this **21st** day of **April 2026** hereby

**ORDERED** that Plaintiff's Motion for Alternative Service and to Extend Time to Effectuate Service (Doc. No. 32) is **GRANTED**; and it is further

**ORDERED** that the time to effectuate service on Defendants Daniel Wildermuth and Carol Wildermuth is extended through July 20, 2026; and it is further

11

**ORDERED** that Plaintiff may serve Defendant David Wildermuth through the following alternative methods:

1. Delivering the Summons and Complaint (and, if necessary, the Consolidated Amended Complaint) to Defendant Daniel Wildermuth's attorney, Alan M. Wolper, by: (a) regular mail and certified mail at Thompson Hine LLP, 20 North Clark Street, Suite 3200, Chicago, Illinois 60602; and (b) email at Alan.Wolper@ThompsonHine.com; and

2. Delivering the Summons and Complaint (and, if necessary, the Consolidated Amended Complaint) to Defendant Daniel Wildermuth by: (a) regular mail and certified mail at Quartz Partners Investment Management, 85 Railroad Place, Suite 101A, Saratoga Springs, New York 12866; and (b) email at DWildermuth@QuartzPartners.com; and it is further

**ORDERED** that Plaintiff may serve Defendant Carol Wildermuth by delivering the Summons and Complaint (and, if necessary, the Consolidated Amended Complaint) to Defendant Carol Wildermuth by: (a) regular mail and certified mail at Quartz Partners Investment Management, 85 Railroad Place, Suite 101A, Saratoga Springs, New York 12866; and (b) email at CWildermuth@QuartzPartners.com and CWildermuth@kalosfinancial.com; and it is further

**ORDERED** that Plaintiff shall provide a copy of this Order with the service set forth above; and it is further

**ORDERED** that Plaintiff shall file proof of service on the docket within ten (10) days of effecting service as authorized herein; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 32; and it is further

**SO ORDERED**.

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

13